**Kale VORAK, Plaintiff-Appellant,**

v.

**John SERVATIUS, Individually; Chuck Prather, Individually, aka Charles Prather, aka Charles E. Prather, Defendants-Appellees.**

No. 14–36112.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2016.*

Filed April 19, 2016.

Kale Vorak, Aberdeen, WA, pro se.

See *Fed. R.App. P. 34(a)(2).*

Candie M. Dibble, Assistant Attorney General, Attorney General's Office Spokane, WA, for Defendants–Appellees.

Before: FARRIS, TALLMAN, and BYBEE, Circuit Judges.

MEMORANDUM **

Washington state prisoner Kale Vorak appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging a First Amendment retaliation claim arising out of the filing of prison grievances. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Brodheim v. Cry*, 584 F.3d 1262, 1267 (9th Cir.2009). We affirm.

The district court properly granted summary judgment because Vorak failed to raise a genuine dispute of material fact as to whether defendants acted with a retaliatory motive or whether there was an absence of legitimate correctional goals for defendants' conduct. *See id.* at 1269 (setting forth the elements of a retaliation claim in the prison context); *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir.2014) ("[M]ere speculation that defendants acted out of retaliation is not sufficient."); *Pratt v. Rowland*, 65 F.3d 802, 806–07 (9th Cir. 1995) (explaining that it is the plaintiff's burden to prove the absence of a legitimate correctional goal and that courts "should afford appropriate deference and

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument.

---

flexibility to prison officials" when evaluating proffered legitimate goals (citation and internal quotation marks omitted)).

**AFFIRMED.**